In the Matter of the Estate of Isaac N. Mills, Deceased. Helen A. M. Gladwin et al., Appellants; First National Bank of Mount Vernon, New York, as Executor of Le Roy N. Mills, Deceased, et al., Respondents.— Appeal by two remaindermen and a successor trustee from an order of the Surrogate's Court, Westchester County, which granted an application to open the proceeding settling the account of the First National Bank of Mount Vernon, New York, as successor trustee of the trust created by paragraph "Tenth" of the will of Isaac Newton Mills, deceased, and vacated the accounting decree dated March 17, 1941. The Surrogate directed the First National Bank of Mount Vernon, New York, as executor of Le Roy Mills' estate, to bring appropriate proceedings to open the decree dated March 17, 1941. Such proceedings were instituted and resulted in the order appealed from, which was entered on the court's own motion on November 21, 1944. The question presented involves the construction of paragraph "Tenth" of the will of Isaac Newton Mills, deceased, which reads as follows: "I give and bequeath to my Executor, hereinafter named, the sum of Seventy-five thousand dollars ($75,000.) in trust, however, to invest the same and keep the same invested, and to apply the income thereof to the support and maintenance of my wife, Cara M. Mills, during her life, and at her death to divide the same equally among and between my children Le Roy N. Mills, Priscilla Alden Mills Van Cott, and Nathaniel Mills, or those of them who may survive me, except that if any of my said children shall then be deceased, the descendants, if any, of such deceased child shall be entitled to receive in said distribution the share which such child of mine would receive if then living; and I do hereby declare that the provision herein made for my said wife is intended

to be made and is so made for her in full satisfaction and recompense of and for her dower and interest which she can or may in any way claim or demand out of my estate, real or personal." The above paragraph is not ambiguous. It clearly appears that it was the testator's intention, upon the death of the life beneficiary, that the corpus of the trust was to be divided equally among the testator's children " who may survive " him, and if any one of his children then be deceased, the descendants, if any, of such child, were to receive the share which such child " would receive if then living ". Testator's three children survived him, but his son Le Roy died on October 9, 1938, and the life beneficiary died on July 21, 1940. The share in the corpus of the trust to which Le Roy would be entitled, if living, vested in his only child, Helen Alden Mills Gladwin, one of the appellants herein. Therefore, assuming the Surrogate on his own motion had the power to order the executor of the Le Roy Mills' estate to institute this proceeding to open the decree of March 17, 1941, there was no need to do so. Order reversed on the law, without costs, and the application to open proceedings settling the account of the First National Bank of Mount Vernon, New York, as successor trustee of the trust created by paragraph " Tenth " of the will of Isaac Newton Mills, deceased, denied, without costs. Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.